# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 3:20-cv-02970-G |
| GREENLAND TRUCKING, LLC, | § | |
| MAEKEL HABTEMARIAM, YOHANNES | § | |
| MEHARENA, SIMON YITBAREK, | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT
## <u>SIMON YITBAREK'S MOTION TO DISMISS</u>

i

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................ ii

TABLE OF AUTHORITIES ........................................................................................ iii

I.     INTRODUCTION ................................................................................................ 1

II.    FACTS ................................................................................................................. 2

     **A.**  Underlying Lawsuit ................................................................................. 2

     **B.**  Canal Insurance Policy ........................................................................... 2

     **C.**  The Present Litigation ............................................................................. 3

III.   STANDARD OF REVIEW .................................................................................. 4

IV.   ARGUMENT ....................................................................................................... 5

     **A.**  Canal Has Plausibly Alleged Its Entitlement to a Declaratory Judgment .............. 5

          **1.**  The Claim is justiciable .............................................................. 6

          **2.**  This Court can grant the requested relief ................................... 6

          **3.**  This Court can exercise its discretion ........................................ 6

          **4.**  Federal courts in Texas routinely deny motions to dismiss declaratory judgment actions that concern coverage for underlying litigation .................. 7

     **B.**  Facts That Are Either Inferrable From The Pleading Or Are Extraneous (But Solely Address Coverage) Are Permissible To Determine The Duty to Defend ..... 8

     **C.**  When Insured Lacks Any Possibility of Coverage, No Duty to Indemnify Exists ............................................................. 12

     **D.**  Canal Should Be Granted Leave to Amend Its Complaint In the Event This Court Finds It Necessary ....................................................................... 13

V.    CONCLUSION ................................................................................................... 13

## **TABLE OF AUTHORITIES**

**Cases**

*Allstate Ins. Co. v. Hallman*,
  159 S.W.3d 640 (Tex. 2005) ........................................................................... 9

*Atl. Cas. Ins. Co. v. Ramirez*,
  651 F. Supp. 2d 669 (N.D. Tex. 2009) .................................................... 5, 7, 8, 12

*AXA Re Prop. & Cas. Ins. Co. v. Day*,
  162 F. App'x 316, 319 (5th Cir. Jan. 11, 2006) .............................................. 5, 6, 7

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ......................................................................................... 4

*Brit UW. Ltd. v. FPC Masonry LP*,
  No. 1:18-CV-876-RP, 2020 WL 1902563 (W.D. Tex. Feb. 13, 2020) .............................. 10, 12

*Carmack v. Park Cities Healthcare, LLC*,
  No. 3:16-CV-3500-D, 2017 WL 6025264 (N.D. Tex. Dec. 5, 2017) ...................................... 13

*Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ........................................................................... 5

*Mid-Cont. Cas. Co. v. Classic Star Grp., LP*,
  No. 4:12-CV-326-A, 2012 WL 4195262 (N.D. Tex. Sept. 19, 2012) ............................... 5, 6, 8

*Mktg. Investors Corp. v. New Mill. Bank*,
  No. 3:11–CV–1696–D, 2012 WL 1563937 (N.D. Tex. May 3, 2012) .................................... 13

*N.Y. Marine & Gen. Ins. Co. v. DMT, Trucking, Inc.*,
  No. 4:16-CV-687-Y, 2016 WL 9583735 (N.D. Tex. Oct. 6, 2016) ........................................ 10

*Northfield Ins. Co. v. Loving Home Care, Inc.*,
  363 F.3d 523 (5th Cir. 2004) .......................................................................... 10, 12

*Ooida Risk Retention Grp., Inc. v. Williams*,
  579 F.3d 469 (5th Cir. 2009) .................................................................... 10, 11, 12, 13

*Star-Tex Resources, LLC v. Granite State Ins. Co.*,
  553 F. App'x 366 (5th Cir. Jan. 8, 2014) .............................................................. 9, 10, 12

*Transp. Ins. Co. v. WH Cleaners*,
  372 S.W.3d 223, 228, 232 (Tex. App. — Dallas 2012, no pet.) ............................................ 12

*Vining Ins. Co. v. Hughes*,
  No. 5:16-CV-445-DAE, 2016 WL 10571890 (W.D. Tex. Dec. 7, 2016) ............................... 5, 6, 8

**Statutes**

28 U.S.C. § 2201 ................................................................................................ 5

**Rules**

FEDERAL RULE OF CIVIL PROCEDURE 15(a)(2) ........................................................... 13

## I.   INTRODUCTION

Canal Insurance Company sued for a declaratory judgment to establish that it had no duty to defend or indemnify Greenland Trucking LLC and two individuals who co-defendant Simon Yitbarek sued in state court for bodily injuries he allegedly sustained while riding in a tractor-trailer that crashed. Default judgment has since been entered against the two individuals, so the sole question that remains is whether Canal owes any obligation to defend or indemnify Greenland Trucking against Yitbarek's claims. Yitbarek seeks to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6), arguing that Canal made mere conclusory allegations in its complaint and also relied improperly on extrinsic evidence to establish the lack of coverage.

This Court should deny Yitbarek's Motion both because Canal has met its burden of proof and Yitbarek misstates Texas law on the admissibility of extrinsic evidence. In support of its position, Yitbarek filed an amended pleading in state court, removing all references to his co-defendant's employment by Greenland Trucking. He did this to avoid the application of the insurance policy's Fellow Employee exclusion. This does not help Yitbarek because the Court has already established through default judgment that the policy does not cover the defendants for whom the Fellow Employee exclusion is most applicable.

Although styled as a motion to dismiss, Yitbarek is prematurely testing the sufficiency of Canal's evidence, more appropriate for summary judgment, while misstating Texas law. The law and the evidence support Canal's declaratory judgment suit. Yitbarek's employment status triggers the Employer Liability exclusion and precludes coverage for Greenland Trucking as a matter of law. Texas law allows the consideration of evidence beyond the insurance policy and the underlying lawsuit to determine the duty defend, including documents such as the lease agreement attached to Canal's complaint in situations like the case at bar. The only requirement is that the

1

evidence help resolve the insurance coverage issue and not address the merits of the underlying litigation. Therefore, Yitbarek's Motion to Dismiss should be denied. In the alternative, if the Court determines that the complaint lacks sufficient detail, Canal requests leave to file a motion to amend its complaint in order to address Yitbarek's attempt to modify the underlying pleadings to avoid the effect of his prior statements.

## II.   FACTS

### A.  Underlying Lawsuit

On June 26, 2020, Simon Yitbarek sued Greenland Trucking, LLC, Maekel Habtemariam and Yohannes Meharena in Dallas County state court (the "Underlying Suit"). Yitbarek alleged in the Underlying Suit that he suffered injuries sustained in an accident on December 10, 2019 while riding as a passenger in a tractor leased to Greenland Trucking.[1] (Orig Pet. at 2-4 of 12, ECF No. 1-1.) He alleged that Meharena, the driver of the tractor, "lost control of the tractor-trailer and struck a guardrail" and that Meharena "was operating [] in the course and scope of his employment while under dispatch from Greenland Trucking LLC and/or Maekel Habtemariam." (*Id.* at 4 of 12.) Yitbarek sued the Underlying Defendants for negligence and gross negligence, Meharena for driving at an "unsafe speed" and Habtemariam and Greenland Trucking under theories of respondeat superior and for negligent hiring, training and supervision. (*Id.* at 4-10 of 12.)

### B.  Canal Insurance Policy

Canal Insurance Company issued Policy No. I-885962001-1 to Greenland Trucking, effective September 28, 2019 through September 28, 2020 (Policy). The Policy lists the 2011 Volvo tractor that Meharena was driving at the time of the accident at issue as a vehicle insured by the Policy. (Complaint ¶ 5.5, ECF No. 1.) The Policy contains an Employee Indemnification

---

[1] Greenland Trucking, Habtemariam and Meharena are referred to collectively herein as the "Underlying Defendants."

and Employer's Liability exclusion (Employer's Liability Exclusion) that provides, in relevant part, that the Policy excludes coverage for:

> *"Bodily injury" to:*
>
> ***a.*** *An "employee" of the "insured" arising out of and in the course of:*
>
> ***(1)*** *Employment by the "insured"; or*
>
> ***(2)*** *Performing the duties related to the conduct of the "insured's" business . . . .*

(Compl. ¶ 5.6, ECF No. 1.) The Policy contains a Fellow Employee Exclusion that provides, in relevant part, that the Policy excludes coverage for:

> *"Bodily injury" to:*
>
> *a. Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business . . . .*

(Compl. ¶ 5.9, ECF No. 1.) The Policy defines "employee" as:

> *Any individual who in the course of his or her employment or contractual duties on behalf of any insured directly affects commercial motor vehicle safety. Such term includes but is not limited to a driver of a commercial motor vehicle (including an independent contractor while in the course of operating a commercial motor vehicle), co-driver (including an independent contractor), a mechanic, and a freight handler. . . . "Employee" includes both "leased workers" and "temporary workers".*

(Compl. ¶ 5.9, ECF No. 1.)

### C.  The Present Litigation

After reviewing the Underlying Lawsuit and the Policy, Canal determined that the above-referenced exclusions precluded coverage for the Underlying Defendants. Canal filed this declaratory judgment lawsuit against Yitbarek and the Underlying Defendants on September 25, 2020, seeking a determination from this Court that it had no duty to defend or indemnify the Underlying Defendants. Canal attached three exhibits to its complaint, including (1) the original

petition from the Underlying Suit; (2) an agreement signed by Habtemariam to lease the 2011 Volvo "with driver or drivers" to Greenland Trucking (the "Lease"); and (3) the Policy. (ECF Nos. 1-1 to 1-3.)

Habtemariam and Meharena were properly served but failed to timely respond to the complaint, therefore, on November 10 and November 13, 2020, respectively the Court entered default judgments against them. (ECF Nos. 20, 24.) The Court held that "Canal's Commercial Policy No. I-885962001-01 provides no coverage" to either Habtemariam or Meharena. (*Id.*) The only question remaining in this lawsuit is whether the Policy excludes coverage to Greenland Trucking for the Underlying Lawsuit given the above-referenced exclusions that bar coverage for "bodily injury" to an "employee" of the insured.

On December 21, 2020, Yitbarek filed a Motion to Dismiss this lawsuit arguing that "Plaintiff fails to state a claim that it has no duty to defend or indemnify Habtemariam, Meharena or Greenland Trucking . . . as its pleadings go outside of the eight-corners rule asking this Court to consider impermissible extrinsic evidence in deciding an insurance coverage dispute." (ECF No. 29.) Yitbarek attached as an exhibit to its Motion an amended petition, dated December 21, 2020, in which he had removed any reference to an employment relationship between any of the defendants. Yitbarek's motion should be denied.

## III.  STANDARD OF REVIEW

A movant is only entitled to dismissal of a lawsuit under Federal Rule of Civil Procedure 12(b)(6) if none of the claims alleged by the plaintiff are plausible on their face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when all well-pleaded facts are assumed true and are viewed in the light most favorable to the plaintiff." *Lone Star Fund V (U.S.), LP v. Barclays Bank PLC*, 594

F.3d 383 (5th Cir. 2010). In evaluating the motion, the Court considers "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Id.*

## IV.   ARGUMENT

This Court should deny Simon Yitbarek's Motion to Dismiss because Canal has plausibly alleged entitlement to a declaratory judgment regarding the parties' rights under the insurance policy. Yitbarek's motion does not address at all this central question, instead evaluating the strength of Canal's evidence rather than the plausibility of the allegations. Yitbarek's main argument is that Canal relies on evidence not allowed in determining an insurer's defense duty. However, Texas ***does*** allow evidence outside the underlying pleading and insurance policy to determine an insurer's duty to defend so long as it relates solely to coverage and not to the merits of the underlying lawsuit. Therefore, dismissal is not warranted under the Federal Rule of Civil Procedure 12(b)(6).

### A.   Canal Has Plausibly Alleged Its Entitlement to a Declaratory Judgment

The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. District courts conduct a three-part inquiry in deciding whether to adjudicate a declaratory judgment action, including whether 1) the claim is justiciable; 2) whether the Court has the authority to grant the requested relief; and 3) whether the Court should exercise its discretion to decide the action. *AXA Re Prop. & Cas. Ins. Co. v. Day*, 162 Fed. App'x 316, 319 (5th Cir. Jan. 11, 2006); *Atl. Cas. Ins. Co. v. Ramirez*, 651 F. Supp. 2d 669 (N.D. Tex. 2009); *Mid-Cont. Cas. Co. v. Classic Star Grp., LP*, No. 4:12-CV-326-A, 2012 WL 4195262 (N.D. Tex. Sept. 19, 2012); *Vining Ins. Co. v. Hughes*, No. 5:16-CV-445-DAE, 2016 WL 10571890 (W.D. Tex. Dec. 7, 2016).

Canal's declaratory judgment action that it has no obligation to defend or indemnify the defendants meets this three-part test, therefore dismissal of the lawsuit should be denied.

### 1.  *The Claim is justiciable*

A claim is justiciable when an actual controversy exists between the parties. *Day*, 162 Fed. App'x at 319. "Whether [an insurance] policy provides coverage presents a live controversy" when an underlying lawsuit for which an insured is seeking coverage has been filed and the insurer contends no coverage exists. *Id.* at 319-20; *see also Classic Star Grp., LP*, 2012 WL 4195262, at *2; *Hughes*, 2016 WL 10571890, at *3 ("courts regularly hear suits seeking declaratory judgments on insurers' duties to defend or indemnify under insurance policy provisions."). This lawsuit is the classic controversy between an insurer and its insured: Canal contends the Underlying Suit is not covered under the Policy it issued to Greenland Trucking; while defendants contend that coverage exists. Therefore, this lawsuit is justiciable.

### 2.  *This Court can grant the requested relief*

The second question, whether the Court may grant the requested relief, should also be decided in Canal's favor. Generally, a court can grant a declaratory judgment action under this second prong unless:

> 1) a declaratory defendant has previously filed a cause of action in state court against the declaratory plaintiff, 2) the state case involves the same issues as those involved in the federal case, *and* 3) the district court is prohibited from enjoining the state proceedings under the Anti–Injunction Act.

*Day*, 162 Fed. App'x at 320. Since there is no state lawsuit concerning the insurance coverage dispute at issue here, the Court can grant the declaratory judgment requested by Canal.

### 3.  *This Court can exercise its discretion*

Under the third prong, the Court must consider seven factors in deciding whether to abstain from deciding a declaratory judgment action under the third prong of the test, including:

1) whether there is a pending state action in which all of the matters in controversy may be fully litigated, 2) whether the plaintiff filed suit in anticipation of a lawsuit filed by the defendant, 3) whether the plaintiff engaged in forum shopping in bringing the suit, 4) whether possible inequities in allowing the declaratory plaintiff to gain precedence in time or to change forums exist, 5) whether the federal court is a convenient forum for the parties and witnesses, ... 6) whether retaining the lawsuit in federal court would serve the purposes of judicial economy ... and [7)] whether the federal court is being called on to construe a state judicial decree involving the same parties and entered by the court before whom the parallel state suit between the same parties is pending.

*Id.* at 320-21. All of these factors weigh in favor of this Court's jurisdiction. First, as described *supra* at 6, there is no pending state court lawsuit. Second, like the insurer in *Day*, Canal filed this lawsuit "not in anticipation of one by [defendants], but instead as a response to the [underlying] action". *Id.* Third, Canal did not engage in impermissible forum merely by availing itself of diversity jurisdiction because this federal lawsuit does not "change the applicable law" which is Texas. *Id.* Fourth, "because there was no parallel state court proceeding involving the same issue, [Canal] did not inequitably gain precedence in time or change a previously selected forum for the declaration it sought." *Id.* Fifth, this is a convenient forum for all parties involved since Greenland Trucking and Yitbarek both reside in northern Texas. (Compl. ¶¶ 2.2, 2.5; ECF No. 1.) Sixth, "judicial economy is not contravened by retaining the action because no other proceeding is able to consider the coverage dispute." *Day*, 162 Fed. App'x at 321. Seventh, and as described *supra*, there is no related state court proceeding. Therefore, this Court may exercise its discretion in deciding this matter.

### 4. *Federal courts in Texas routinely deny motions to dismiss declaratory judgment actions that concern coverage for underlying litigation*

Because this Court can properly exercise its jurisdiction to hear this declaratory judgment action, there is no plausible basis to dismiss this lawsuit under Federal Rule of Civil Procedure 12(b)(6). *Ramirez*, 651 F. Supp. 2d at 675-76 (adopting report & recommendation of magistrate denying motion to dismiss declaratory judgment action brought by insurer); *Classic Star Grp., LP*,

2012 WL 4195262, at *5 (denying judgment on the pleadings and entertaining declaratory judgment action regarding insurance coverage); *Hughes*, 2016 WL 10571890, at *5 (denying motion to dismiss and entertaining declaratory judgment action regarding insurance coverage). Courts have held an actual controversy exists not just between the insured and the insurer but also between the insurer and the underlying plaintiff who sued the insured "because state law gives the injured party a statutory right to proceed against the insurer if final judgment was handed down in favor of the injured party." *Ramirez*, 651 F. Supp. 2d at 674.

The *Ramirez* court refused to dismiss a declaratory judgment action regarding coverage for an underlying state court lawsuit in which the underlying plaintiff alleged the insured had dumped contaminated materials on its property. *Id*. at 671-72. The court held that "under similar facts, the United States Supreme Court and Fifth Circuit have both found that the facts alleged show that there is a substantial controversy between party with adverse interest of sufficient immediacy to warrant the issuance of a declaratory judgment." *Id.* at 679. Similarly, Canal has sued Greenland Trucking and Yitbarek, the underlying plaintiff, for a declaratory judgment regarding coverage for the underlying lawsuit. (ECF No. 1.) This Court's ability to issue a declaratory judgment is proper, and there is no basis to dismiss this lawsuit.

### B.  Facts That Are Either Inferrable From The Pleading Or Are Extraneous (But Solely Address Coverage) Are Permissible To Determine The Duty to Defend

Yitbarek contends that this lawsuit should be dismissed because Canal relied, he alleged, supposedly improperly, on "extrinsic evidence to suggest that Meharena and Yitbarek are employees of Greenland Trucking" in order to argue that the Employer Liability and Fellow Employee exclusions bar coverage.[2]  (D.'s Mot. to Dismiss at 3, ECF No. 29.) In reality, no

---

[2] Because this Court already dismissed Defendants Habtemariam and Meharena (*supra* at 4), the only remaining question is whether the Employer Liability exclusion eliminates coverage for Greenland Trucking for the Underlying Suit.

8

extrinsic evidence is needed with respect to Meharena's employment; not only did Yitbarek expressly allege it, Meharena has judicially admitted it. (Def. Judgment, ECF No. 24.) No extrinsic evidence is needed because Yitbarek admits in its amended petition that Meharena was driving the tractor "in furtherance of Greenland Trucking's" business. (Am. Pet. at 3; ECF No. 9-1.) The original petition is even more explicit. (Pet. at 4-6, ECF No. 1-1 ("[Meharena] was operating both in the course and scope of his employment while under dispatch from Defendant Greenland Trucking and/or Maekel Habtemariam").

In addition, Yitbarek overlooks the fact that when evaluating the duty to defend, "any reasonable inferences that flow from the facts alleged" in the underlying complaint may be considered in determining the duty to defend. *Star-Tex Resources, LLC v. Granite State Ins. Co.*, 553 F. App'x 366 (5th Cir. Jan. 8, 2014) (quotations omitted); *see also Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 644-45 (Tex. 2005) (summary judgment for insurer on duty to defend and indemnify when inferences flowing from complaint show exclusion applied to preclude coverage).

The facts in the underlying petition support the inference that Yitbarek was working for Greenland Trucking at the time of the accident. The Policy defines employee to include a "co-driver". (Compl. ¶ 5.7, ECF No. 1; Compl. Ex. C at 63; ECF No. 1-3.) The underlying lawsuit alleges that Meharena was working for Greenland Trucking at the time of the accident and that Yitbarek was "a passenger in [the] tractor" and was "property belted within the vehicle's safety belt system." The Federal Motor Carrier Safety Administration regards a co-driver "who is riding seated next to the driver" as "on-duty". Guidance to 49 CFR 395.2, Question 13.[3] Therefore, it is reasonable to infer that Yitbarek was an employee co-driver as defined by the Policy at the time

---

[3] https://www.fmcsa.dot.gov/regulations/title49/section/395.2 (Ex. A); *Ooida Risk Retention Grp., Inc. v. Williams*, 579 F.3d 469, 475-76 (5th Cir. 2009) ("The Motor Carrier Safety Act and its attendant regulations govern the meaning of terms under insurance policies designed to comply with the federal requirements for motor carriers").

of the accident. *See Ooida*, 579 F.3d at 474 (dismissing argument that underlying petition failed to allege employment relationship when facts included that "[employer] occasionally asked Defendant to help him on long-haul jobs").

Third, even if the underlying petition failed to allege the employment relationships, an exception to the eight corners rule applies here. Texas courts allow extrinsic evidence to resolve the duty to defend issue where "it is initially impossible to discern whether coverage is potentially implicated and when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Ooida*, 579 F.3d at 475-76 *(citing Northfield Ins. Co. v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004)); *Star-Tex Resources*, 553 F. App'x at 371-73; *Brit UW. Ltd. v. FPC Masonry LP*, No. 1:18-CV-876-RP, 2020 WL 1902563, at *7-9 (W.D. Tex. Feb. 13, 2020) (allowing extrinsic evidence to determine whether exclusion for "master-planned communities" applied); *see also N.Y. Marine & Gen. Ins. Co. v. DMT, Trucking, Inc.*, No. 4:16-CV-687-Y, 2016 WL 9583735, at *3 (N.D. Tex. Oct. 6, 2016) ("extrinsic evidence is more likely to be considered when an 'explicit policy coverage exclusion clause' is at issue").

In *Ooida*, which Yitbarek cites, the Fifth Circuit held that an insurer had no obligation to defend or indemnify an insured truck driver who caused an accident that led to injuries to his employer, who was sleeping in the cabin at the time of the accident. 579 F.3d at 471, 478; (D.'s Mot. to Dismiss at 3; ECF No. 29.) The employer's family (plaintiffs in the underlying lawsuit) alleged that the fellow employee exclusion did not preclude the insurer's duty to defend because the underlying petition did not allege facts that would establish that the employer met the definition of "employee" under the Policy. *Id.* at 475-76. The *Ooida* court properly considered deposition testimony that established that the employer was "tandem-driving" at the time of the accident, and

thus qualified as an employee to whom the exclusion applied. *Id.* at 476 ("It is clear from the record that [employer] was tandem-driving on the night the accident occurred.").

The lease agreement is therefore admissible because it meets the two-part test for admissibility of extrinsic evidence on the question of an insurer's duty to defend. *Ooida*, 579 F.3d at 475-76. First, like the deposition testimony in *Ooida*, the Leasing Agreement "goes to a fundamental issue of coverage". It establishes that a business relationship existed between Greenland Trucking, Habtemariam and Meharena. (Compl. Ex. B at 1, ECF no. 1-2.) Therefore, contrary to Yitbarek's assertion in its Motion to Dismiss, Meharena meets the definition of Greenland Trucking and Habtemariam's employee. It also helps support the inference that Yitbarek was an employee as working as a co-driver because the lease specifies that the tractor was leased to Greenland "with a driver or drivers." (*Id.*)

Second, this agreement does not overlap with the merits of the underlying lawsuit, which concerns the alleged negligent driving of Meharena and vicarious liability of Greenland Trucking. (*See generally*, Am. Pet., ECF No. 29-1.) Texas courts do allow extrinsic evidence in cases like this, when the extraneous facts relate solely to coverage and not to the allegations in the underlying lawsuit. *Ooida*, 579 F.3d at 475-76.

Yitbarek's underlying pleadings specify that Meharena worked for Greenland Trucking. (Am. Pet. at 3; ECF No. 29-1; Pet. at 4-6, ECF No. 1-1.)  They also support the inference that Yitbarek was an employee as described *supra*. Therefore, Canal has plausibly alleged that the Employer Liability Exclusion, precluding coverage for lawsuits like the one at issue that alleges bodily injury to Yitbarek, an employee of Greenland Trucking, applies. *See Ooida*, 579 F.3d at 474. Therefore, Canal has no duty to defend as a matter of law. *Id.*

However, Canal does not need to conclusively prove *anything* at this stage of the litigation; it merely has to plausibly allege entitlement to a declaratory judgment regarding its duty to defend and indemnify. *Ramirez*, 651 F. Supp. 2d at 675-76. It has met its burden to state a plausible claim for relief through an analysis of the underlying pleadings, the insurance policy at issue, and the lease agreement between Habtemariam and Greenland Trucking, a piece of extraneous evidence that solely addresses the coverage issue. *Ooida*, 579 F.3d at 474. Therefore, Yitbarek's motion to dismiss should be denied.

**C.   When Insured Lacks Any Possibility of Coverage, No Duty to Indemnify Exists**

Yitbarek admits that the duty to indemnify issue is justiciable if "the same reasons that negate the duty to defend likewise negate any possibility that the insurer will ever have a duty to indemnify." (D.'s M. to Dismiss at 6, ECF No. 29 (*citing Northfield*, 363 F.3d at 529).) Given this rule, Yitbarek's insistence that the indemnity question is not ripe or justiciable is puzzling. (*Id.* at 6-7.) Under Texas law, if "there is no duty to defend in the underlying lawsuit due to the [] exclusion, the same reason that negates that duty likewise precludes any possibility that [insurer] will have to indemnify [insureds]." *Star-Tex Resources, LLC*, 553 F. App'x at 373; *Brit UW*, 2020 WL 1902563, at *9. "The determination of whether a carrier has a duty to indemnify is justiciable before the underlying suit proceeds to judgment when the same reasons that negate the carrier's duty to defend also negate any possibility the carrier will have to indemnify for any judgment." *Transp. Ins. Co. v. WH Cleaners*, 372 S.W.3d 223, 228, 232 (Tex. App. — Dallas 2012, no pet.). Therefore, if this court determines that the Employer Liability exclusion applies, then Canal has no coverage obligation whatsoever, regardless of the outcome of the underlying litigation.

Yitbarek's alternative argument that FORM MCS90 triggers a separate duty to indemnify that is not justiciable lacks merit for the same reason. (D.'s M. to Dismiss at 6, ECF No. 29.) This endorsement is designed to protect an insured from "public liability" and excludes coverage for

12

"injury to or death of the insured's employees while engaged in the course of their employment." (Policy at 85, ECF No. 1-3.) Canal has plausibly alleged entitlement to a declaration that it has no duty to defend or indemnify Greenland Trucking based on the Employer Liability exclusion. It is now entitled to additional discovery regarding Yitbarek's employment status since this solely addresses the question of coverage and does not the merits of the Underlying Suit. *Ooida*, 579 F.3d at 475-76.

### D. Canal Should Be Granted Leave to Amend Its Complaint In the Event This Court Finds It Necessary

Canal requests, in the alternative, that it be granted the opportunity to file a motion to amend its complaint in the event the Court determines that it lacks sufficient detail. Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend its pleading with court permission "if justice so requires." *Id.* Case law emphasizes that such requests should be "freely" granted under a "liberal standard." *Carmack v. Park Cities Healthcare, LLC*, No. 3:16-CV-3500-D, 2017 WL 6025264, at *2 (N.D. Tex. Dec. 5, 2017). None of the factors that may lead a court to deny a motion to amend are present in this case. *Mktg. Investors Corp. v. New Mill. Bank*, No. 3:11–CV–1696–D, 2012 WL 1563937, at *1-2 (N.D. Tex. May 3, 2012) (granting leave to amend and noting no "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment."). Therefore, Canal should be given an opportunity to amend its pleadings if the Court deems it necessary.

### V. CONCLUSION

Canal is entitled to proceed with its declaratory judgment action because the parties dispute whether the Policy covers Greenland Trucking for the Underlying Suit, therefore a declaration of the parties rights under the Policy is ripe for adjudication. Additionally, Yitbarek's employment

status can be established through extrinsic evidence because this question has nothing to do with the merits of the underlying personal injury suit.

**WHEREFORE, PREMISES CONSIDERED**, Canal Insurance Company prays that the Court deny Defendant Simon Yitbarek's Motion to Dismiss, or, in the alternative, grant it leave to file a motion to amend its complaint and for such other and further relief, at law or in equity, to which it may be justly entitled.

Respectfully submitted,

*/s/ Stephen A. Melendi*
Stephen A. Melendi
SBN 24041468
stephenm@tbmmlaw.com
Matthew Rigney
SBN 24068636
mattr@tbmmlaw.com
Tollefson Bradley Mitchell & Melendi, LLP
2811 McKinney Avenue, Suite 250 West
Dallas, Texas 75204
Telephone:    214-665-0100
Facsimile:    214-665-0199

**ATTORNEYS FOR CANAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will electronically send notification to all counsel of record.

*/s/ Stephen A. Melendi*
Stephen A. Melendi

14