UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. |
| VS. | ) |
| | ) 3:20-CV-2970-G |
| GREENLAND TRUCKING, LLC; | ) |
| MAEKEL HABTEMARIAM; | ) |
| YOHANNES MEHARENA; SIMON | ) |
| YIBAREK, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the court is the defendant Simon Yitbarek ("Yitbarek")'s motion to dismiss for failure to state a claim. Defendant Simon Yitbarek's Motion to Dismiss Under Rule 12(b) for Failure to State a Claim, and Brief in Support Thereof (docket entry 29) ("Motion"). For the reasons set forth herein, the motion is denied.

### I. BACKGROUND

#### A. Factual Background

The plaintiff, Canal Insurance Company ("Canal"), alleges that it issued a commercial automobile policy to Greenland Trucking, LLC ("Greenland") effective

-1-

September 28, 2019 through September 28, 2020.  *See* Complaint for Declaratory Judgment (docket entry 1) ("Complaint") at 4.  Canal attached a copy of the policy to the complaint.  *See* Complaint, Exhibit C.  The policy obligates Canal to "pay all sums an 'insured' legally must pay as damages . . . caused by an 'accident' and resulting from the ownership, maintenance or use of a covered 'auto.'"  Complaint at 4.  The policy also states that Canal has "the right and duty to defend any 'insured' against a 'suit' asking for such damages . . . However, we have no duty to defend any 'insured' against a 'suit' . . . to which this insurance does not apply."  *Id*.  The policy lists a 2011 Volvo truck ("Volvo") among the covered "autos."  *See* Complaint at 5.  According to the complaint, the Volvo was leased to Greenland by its owner and co-defendant in this case Maekel Habtemariam ("Habtemariam").  See *id*. at 3.  A copy of the lease agreement is attached to the complaint.  See *id*., Exhibit B.  According to the lease agreement, Habtemariam would provide Greenland with the Volvo and "will provide drivers."  *Id*., Exhibit B-1.

Yitbarek filed suit in a Texas state court on June 26, 2020 against Greenland, Habtemariam, and another co-defendant here, Yohannes Meharena ("Meharena").  See *id*., Exhibit A.  In this underlying lawsuit, Yitbarek alleges that on December 10, 2019, he was a passenger in the Volvo as it was being driven negligently by Meharena, eventually crashing and causing Yitbarek "serious injury."  See *id*. at 3.  Yitbarek seeks damages against Meharena for negligence and against Greenland and

Habtemariam under theories of respondeat superior, negligence, and gross negligence. See *id.*, Exhibit A.  The underlying petition has since been amended, and now states "Meharena was operating [Greenland] and/or [Habtemariam's] tractor-trailer combination in furtherance of [Greenland] and/or [Habtemariam's] business.  He was operating while under dispatch from [Greenland] and/or [Habtemariam]." *See* Motion, Exhibit A-3.  The original petition also stated "[Meharena] was operating both in the course and scope of his employment while under dispatch from [Greenland] and/or [Habtemariam]."  Complaint, Exhibit A-3.

Canal alleges that the policy issued to Greenland includes an Employee Indemnification and Employer's Liability exclusion as well as a Fellow Employee exclusion from coverage.  *See* Complaint at 5-7.  Specifically, Canal alleges that the policy contains the following relevant exclusions:

> This insurance does not apply to any of the following . . . "Bodily injury" to . . . An "employee" of the "insured" arising out of and in the course of . . . (1) Employment by the "insured"; or (2) Performing the duties related to the conduct of the "insured's" business . . . This insurance does not apply to any of the following . . . "Bodily injury" to . . . Any fellow "employee" of the "insured" arising out of and in the course of the fellow "employee's" employment or while performing duties related to the conduct of your business . . . .

*Id*.  The policy defines an employee as:

> Any individual who in the course of his or her employment or contractual duties on behalf of any insured directly affects commercial motor vehicle safety.  Such term includes but is not limited to a driver of a commercial motor vehicle (including an independent contractor while in the course of

>operating a commercial motor vehicle), co-driver (including an independent contractor) . . . "Employee" includes both "leased workers" and "temporary workers."

*Id*. at 6. Canal alleges that Yitbarek's underlying lawsuit falls within these exclusions from coverage. See *id*. at 4; Plaintiff's Opposition to Defendant Simon Yitbarek's Motion to Dismiss (docket entry 31) ("Response") at 3.

### B. Procedural Background

Canal filed this declaratory judgment action on September 25, 2020, seeking a declaration that it has no duty to defend or indemnify Greenland in Yitbarek's underlying lawsuit. *See* Complaint at 1. The court granted default judgments against Habtemariam and Meharena on November 10 and 13, 2020, respectively. *See* Default Judgment (docket entry 20); Default Judgment (docket entry 24). Yitbarek filed this motion to dismiss on December 21, 2020. Motion.[1] Canal responded on January 11, 2021. Response. Yitbarek did not file a reply. Yitbarek's motion is therefore fully briefed and ripe for determination.

### II. ANALYSIS

### A. Rule 12(b)(6) Motion to Dismiss Legal Standard

"To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina*

---

[1] Greenland answered the complaint on December 23, 2020. *See* Original Answer of Defendant Greenland Trucking, LLC (docket entry 30).

-4-

*Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007)), *cert. denied*, 552 U.S. 1182 (2008). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations, quotation marks, and brackets omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Id.* (quoting *Martin K. Eby Construction Company, Inc. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)) (internal quotation marks omitted).

The Supreme Court has prescribed a "two-pronged approach" to determine whether a complaint fails to state a claim under Rule 12(b)(6). See *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). The court must "begin by identifying the pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679. The court should then assume the veracity of any well-pleaded allegations and "determine whether they plausibly give rise to an entitlement to

relief." *Id.* The plausibility principle does not convert the Rule 8(a)(2) notice pleading to a "probability requirement," but "a sheer possibility that a defendant has acted unlawfully" will not defeat a motion to dismiss. *Id.* at 678. The plaintiff must "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (quoting FED. R. CIV. P. 8(a)(2)). The court, drawing on its judicial experience and common sense, must undertake the "context-specific task" of determining whether the plaintiff's allegations "nudge" its claims against the defendant "across the line from conceivable to plausible." See *id.* at 679, 683.

B. Application

1. *Governing Law*

Yitbarek's argument hinges largely on a Texas insurance law doctrine known as the "eight-corners" rule. *See generally* Motion. Because the court has diversity jurisdiction over this action, the court is *Erie*-bound to apply Texas substantive insurance law. See *In re Katrina Canal*, 495 F.3d at 206 (citing *Erie Railroad Company v. Tompkins*, 304 U.S. 64, 78 (1938)). Yitbarek argues that the eight-corners rule prohibits Canal from pursuing a claim based on facts that go beyond what is alleged

in the underlying suit and contained in the underlying policy. *See generally* Motion. Canal counters that the eight-corners doctrine, as interpreted by the Fifth Circuit, allows such extrinsic evidence. *See* Response at 8-11.

The Fifth Circuit has addressed this question. See generally *Star-Tex Resources, L.L.C. v. Granite State Insurance Company*, 553 Fed. Appx. 366, 371-72 (5th Cir. 2014); *Ooida Risk Retention Group, Inc. v. Williams*, 579 F.3d 469, 476 (5th Cir. 2009); see also *Canal Insurance Company v. XMEX Transport, LLC*, 48 F.Supp.3d 958, 974-75 (W.D. Tex. 2014). Specifically, the Fifth Circuit "has *Erie* guessed that the Texas Supreme Court would recognize an exception to the eight-corners rule . . . " allowing extrinsic evidence in appropriate duty to defend cases. *Star-Tex Resources*, 553 Fed. Appx. at 371. The exception would apply "[1] when it is initially impossible to discern whether coverage is potentially implicated and [2] when the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Id*. (quoting *Northfield Insurance Company v. Loving Home Care, Inc.*, 363 F.3d 523, 531 (5th Cir. 2004)). This court is bound by that *Erie* guess. See *National Liability and Fire Insurance Company v. Young*, 459 F.Supp.3d 796, 799-800 (N.D. Tex. 2020) (Hendrix, J.). Therefore, the court must decide whether the exception applies in this case.

The Fifth Circuit has held that when "the pleadings do not contain the facts

*necessary to resolve the question* [of whether the claim is covered] . . ." the first part the *Northfield* test is satisfied. *Ooida*, 579 F.3d at 476 (emphasis added). Yitbarek's underlying petition does not sufficiently answer whether coverage is implicated. Canal alleges that the policy contains an exclusion for "employee" injuries. Yitbarek's petition alleges only that he was a passenger in the Volvo driven by Meharena "in furtherance of [Greenland's] and/or [Habtemariam's] business." Motion, Exhibit A-3. Analogous to the *Star-Tex* case, these allegations do not clearly answer one way or another whether Yitbarek was an employee of Greenland. See *Star-Tex Resources*, 553 Fed. Appx. at 372.[2] "Because Siegmund's petition triggers a potential exclusion but omits a fundamental fact—how Esquivel's negligence caused the collision that harmed Siegmund—the first requirement to permit the Court to consider evidence outside the eight corners of the complaint is satisfied." *Id*. Similarly, Yitbarek's petition omits a necessary fundamental fact to determine coverage: whether Yitbarek was or was not an employee of Greenland. "Because [Canal's] duty to defend hinges on [an answer to this question], '[s]uch an explanation is critical to the question of coverage' under the policy." *Id*. (quoting *Western Heritage Insurance Company v. River*

---

[2] "Had Siegmund's petition alleged only an accident without referencing an automobile or collision, it would have stated a potentially covered claim and the Auto Exclusion would not have applied. Alternatively, had the petition stated Esquivel was 'driving' or 'operating' at the time she negligently caused the collision, this case would fall squarely within the Auto Exclusion." *Star-Tex Resources*, 553 Fed. Appx. at 372.

*Entertainment*, 998 F.2d 311, 315 (5th Cir. 1993)). Thus, the first prong of the exception is satisfied.

The court must next consider whether "the extrinsic evidence goes solely to a fundamental issue of coverage which does not overlap with the merits of or engage the truth or falsity of any facts alleged in the underlying case." *Northfield Insurance Company*, 363 F.3d at 531. At bottom, Canal's suit asks whether Yitbarek was an "employee" of Greenland within the meaning of the exclusion(s) in the policy, a "control[ling] . . . question of policy coverage." *Ooida*, 579 F.3d at 476 ("The fact relevant to whether Moses is an 'employee' under Section 390.5–whether he was tandem-driving with Williams, and thus 'operating a commercial motor vehicle'–does not implicate Williams' negligence in the underlying suit, does not contradict any of the allegations in the pleadings, and controls the question of policy coverage."). Three of the four causes of action in Yitbarek's underlying petition are unrelated to that question because they address the negligence of Meharena, Greenland, and Habtemariam. Only Yitbarek's respondeat superior cause of action has the potential for overlap. Critically, though, Yitbarek's petition is silent as to his own employment status with Greenland; it simply alleges that Yitbarek was "a passenger in a tractor being operated by Defendant Meharena." Motion, Exhibit A-2. Thus, a declaration that Yitbarek was an "employee" could not test the truth or falsity of underlying allegations because no such allegations exist. Moreover, establishing that *Yitbarek* was

-9-

an "employee" within the meaning of the insurance policy does not itself establish that *Meharena* was an employee of either Greenland or Habtemariam for vicarious liability purposes.[3]  One is a question of contract interpretation, the other a matter of tort liability.  Lastly, the Fifth Circuit has "suggested that extrinsic evidence is more likely to be considered when an 'explicit policy coverage exclusion clause[]' is at issue."  *Star-Tex Resources*, 553 Fed. Appx. at 371-72 (quoting *Liberty Mutual Insurance Company v. Graham*, 473 F.3d 596, 603 (5th Cir. 2006)).  Therefore, the court concludes that Canal's action falls within this exception to the eight-corners rule and will evaluate the sufficiency of the complaint against that backdrop.

### 2.  *Sufficiency of the Complaint*

The court starts its analysis by identifying any well-pleaded facts.  See *Ashcroft*, 556 U.S. at 679.  The court may look to written instruments attached as exhibits to the complaint as though they are part of the complaint.  *See* FED. R. CIV. P. 10(c); *Davoodi v. Austin Independent School District*, 755 F.3d 307, 310 (5th Cir. 2014).  The complaint attached Yitbarek's original petition as an exhibit, thus incorporating by reference any of the petition's well-pleaded factual allegations.  *Id*.  The petition alleged that Yitbarek was a passenger in the Volvo and properly belted

---

[3] This scenario again closely mirrors the *Star-Tex* case: "the mere fact that Esquivel was operating a motor vehicle does not establish her negligence or relate to Siegmund's negligent-hiring or respondeat superior claims."  *Star-Tex Resources*, 553 Fed. Appx. at 372-73.

-10-

within the safety belt system at the time of the accident.  *See* Complaint, Exhibit A-2.  It further alleges that Meharena was operating the Volvo "in the performance of his work duties [on behalf of Greenland and/or Habtemariam] at the time of" the accident.  *Id*. at A-3.  The complaint goes on to allege that Habtemariam owned the Volvo, but leased it to Greenland "'with a driver or drivers.'" *See* Complaint at 3-4.  The lease agreement is attached as Exhibit B and thus incorporated as well.  Finally, the complaint spells out the relevant language of and attaches as Exhibit C the insurance policy between Canal and Greenland.  *See* Complaint at 4-8, Exhibit C.  The complaint alleges exclusions from coverage for bodily injury caused to "employees," and defines an "employee" to include "both 'leased workers' and 'temporary workers.'" *Id*. at 6.  These well-pleaded facts are entitled to a presumption of veracity.  See *Ashcroft*, 556 U.S. at 679.

When viewed in the light most favorable to Canal, these facts pass Rule 12(b)(6) muster.  Judicial experience and common sense suggests that Yitbarek was in the Volvo that day–the original petition's silence on the matter notwithstanding–because he too was employed to do so, and presumably by the same employer as Meharena.  The allegations regarding the lease agreement and the original petition's continued use of the phrase "[Greenland] *and/or* [Habtemariam]" suggest that Yitbarek was an employee of Habtemariam on lease to Greenland.  Finally, the quoted language from the insurance policy plausibly suggests that injuries

to leased workers such as Yitbarek were also excluded under the policy. What Yitbarek derides as "conclusory statements" are actually summations of the inferences reasonably drawn from the alleged facts and attached exhibits. This satisfies Rule 12(b)(6) scrutiny.

Lastly, the duty to indemnify question is justiciable. Yitbarek implicitly admits this point by stating that such claims are justiciable when "'the same reasons that negate the duty to defend likewise negate any possibility that the insurer will ever have a duty to indemnify,'" and then re-arguing that Canal has a duty to defend. *See* Motion at 6. Yitbarek does not attempt to argue that a separate reason exists for why Canal would have a duty to indemnify independent of its duty to defend. Yitbarek simply re-argues the duty to defend point, suggesting that the same reasons govern both determinations. On top of that, the complaint alleges that the employee based exclusions apply to both duties.[4] As such, the entirety of Canal's complaint survives Rule 12(b)(6) scrutiny and Yitbarek's motion is denied.

---

[4] Yitbarek's argument that the FORM MCS-90 creates a distinct duty to indemnify is similarly without merit here. See *Consumer County Mutual Insurance Company v. P.W. & Sons Trucking, Inc.*, 307 F.3d 362, 367 n.7 (5th Cir. 2002).

III.  CONCLUSION

For the reasons stated above, Yitbarek's Rule 12(b)(6) motion to dismiss is

**DENIED**.

**SO ORDERED**

February 9, 2021

*C. Joe Fish*

**A. JOE FISH**
**Senior United States District Judge**